IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Mitchell David Holbach, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO RECONSIDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| State of North Dakota, | ) | |
| | ) | Case No. 1:11-cv-052 |
| Defendant. | ) | |

Plaintiff Mitchell David Holbach filed a Motion to Proceed *In Forma Pauperis* and a PLRA packet with this court on July 13, 2011. (Docket No. 2). For the reasons set forth in this court's order, Docket No. 8, the court held that Holbach was barred from proceeding *in forma pauperis* under the "three strikes" provision of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(g). See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The court noted that Holbach was not barred from bringing the present action altogether, rather, he is prohibited from proceeding *in forma pauperis* based upon his history of filing frivolous litigation. The court further found that there was no allegation that Holbach was under imminent danger of serious physical injury at the time of the filing of the complaint or appeal.

Holbach has now filed several documents with the court. The first is a document captioned "Objection" at Docket No. 9. He also filed a "Petition For Protective Relief" (Docket No. 10) and a "Petition For Waiver Of Filing Costs And Fees" (Docket No. 12). All of these documents in one way or another revisit the court's earlier denial of IFP status for Holbach. Thus, the court construes the documents as motions for reconsideration.

The court has reviewed the documents and denies Holbach's motions for reconsideration for the following reasons:

1. In his objection, Holbach asserts that § 1915(g) is unconstitutional. The Eighth Circuit, however, has rejected the same challenges to the constitutionality of § 1915(g). See Higgins v. Carpenter, 258 F.3d 797 (8th Cir. 2001).

2. The court clearly summarized its reasoning and the supporting case law pertaining to each case that it counted as a "strike" against Holbach for the purposes of § 1915(g). Holbach failed to assert any points of error in these determinations. As such, the court finds no reason to revisit its determination that Holbach is barred from proceeding *in forma pauperis* due to his history of frivolous and repetitive litigation.

3. Simply being imprisoned does not place Holbach in imminent danger of serious physical injury. The Eighth Circuit has held that general assertions of imminent danger are insufficient to invoke the exception to § 1915(g), "absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3rd Cir. 2001)). Holbach makes no specific allegations of the threat of serious physical injury, and does not meet the requirements of the exception to § 1915(g).

The remainder of Holbach's arguments simply reiterate the arguments he made in his original proposed complaint and motion to proceed IFP, and make fanciful allegations of the undersigned's participation in an alleged conspiracy. The court, for the reasons stated above, declines to consider these arguments as Holbach failed to remit proper payment of court fees.

Therefore, for the reasons stated above, Holbach's motions for reconsideration (Docket Nos. 9 and 12) and his Petition for Protective Relief (Docket No. 10) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2011.

                                          */s/ Charles S. Miller, Jr.*
                                          Charles S. Miller, Jr., Magistrate Judge
                                          United States District Court